# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOWELL FINLEY,<br>CDCR #E-06421,<br><br>         Plaintiff,<br><br>vs.<br><br>D. URIBE, JR., M. COTERO; B.<br>ANGULO; J. SANCHEZ;<br>S. WAMSLEY; D. WOODWARD;<br>B. BAEZA,<br><br>         Defendants. | Civil No.  10-2084 WQH (RBB)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 2]** |

  Plaintiff, a state prisoner proceeding pro se and currently incarcerated at Centinela State Prison located in Imperial, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I. Motion to Proceed IFP**

  Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**II.     Application of 28 U.S.C. § 1915(g)**

As an initial matter, the Court has reviewed Plaintiff's Complaint and has ascertained that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

///

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Thus, this Court takes judicial notice that Plaintiff has had three prisoner civil actions dismissed as frivolous, malicious, or for failing to state a claim in both the Central and Eastern Districts of California.

They are:

1) *Finley v. Stone*, Civil Case No. 02-4105 R (MAN) (C.D. Cal. Apr. 14, 2003) (Order dismissing action for failing to state a claim) (strike one);

2) *Finley v. Lee*, Civil Case No. 02-9627 R (MAN) (C.D. Cal. May 23, 2003) (Order adopting Findings, Conclusions and Recommendation of United States Magistrate Judge dismissing action for failing to state a claim) (strike two);

3) *Finley v. Quinn*, Civil Case No. 04-5463 AWI (LGO) (E.D. Cal. July 1, 2005) (Order Adopting Findings and Recommendations dismissing action for failing to state a claim) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Conclusion and Order

For the reasons set forth above, the Court hereby:

1)  **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 2]; and

2)  **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is "Filed" to prepay the entire $350 civil filing fee in full.

**IT IS FURTHER ORDERED** that the if Plaintiff fails to pay the $350 civil filing fee within that time, this action will be dismissed.

**IT IS SO ORDERED.**

DATED: October 28, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge